UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE MANUEL RAMIREZ, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 2:22-cv-287 |
| § | |
| ASSOCIATED BRIGHAM § | |
| CONTRACTORS INCORPORATED, § | |
| Defendant. § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant, Associated Brigham Contractors Incorporated, files this Notice of Removal pursuant to 28 U.S.C. § 1446, 28 U.S.C. § 1332, FED. R. CIV. P. 81 and Local Rule 81.1 and hereby removes the lawsuit styled, *Jose Manuel Ramirez v. Associated Brigham Contractors Incorporated*, Cause No. BCV2201345, filed in the 156th Judicial District Court, Bee County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

### BACKGROUND

**A. Procedural History**

1. This case was originally filed on October 26, 2022, in the 156th Judicial District Court, Bee County, Texas, styled Cause No. BCV2201345, *Jose Manuel Ramirez, Plaintiff v. Associated Brigham Contractors Incorporated, Defendant.*

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents are attached as Exhibits to Defendant's Appendix in Support of Removal ("Appendix"):

**Exhibit 1 –** All executed process in the state court case;

**Exhibit 2 –** All pleadings from the state court case:

A - Plaintiff's Original Petition, filed October 26, 2022,

B - Defendant's Original Answer Subject to Motion to Transfer Venue, filed November 28, 2022, and

C – Notice of Removal filed December 3, 2022;

**Exhibit 3 –** None - no orders in the state court action;

**Exhibit 4 –** Docket Sheet from this state court case;

**Exhibit 5 –** Index of matters being filed; and

**Exhibit 6 –** List of Counsel of Record.

3.   Defendant's registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company was served with citation on November 3, 2022. The thirty (30) day period within which Defendant is required to file a Notice of Removal has not expired; in addition, less than one (1) year has passed since the commencement of this action. Accordingly, this case is removable to this district and division. *See* 28 U.S.C. § 1446(b).

4.   Pursuant to 28 U.S.C. § 1446(d) and contemporaneously with the filing of this Notice of Removal, Defendant has caused written notice to be served upon Plaintiff, and has filed a Notice, together with a copy of this Notice of Removal with the Clerk of the 156th Judicial District Court, Bee County, Texas.

**B.**   **Basis of Action**

5.   Plaintiff alleges that Defendant violated his statutory rights, in that his termination was allegedly retaliation for Plaintiff exercising his rights under Chapter 451

of the Texas Workers' Compensation Act. Plaintiff also asserts a cause of action for fraud. *See* Exhibit 2A, p. 1. ¶ II.

## BASIS OF REMOVAL

### A.   Diversity Jurisdiction

6. Plaintiff is a natural person residing in the state of Texas. At the time of the commencement of this action, Plaintiff alleged that "at all times material to this lawsuit", he "has resided" and been "a resident of Hidalgo County, Texas." *See* Exhibit 2A, p. 1. ¶ II.

7. Defendant, Associated Brigham Contractors Incorporated, is a corporation duly organized under the laws of Utah. In addition, Defendant's principal place of business is its principal office located at 75 North 900 West, Brigham City, Box Elder County, Utah 84302. As such, Defendant, is a citizen of Utah. *See* Exhibit C-1 ¶ 3. Thus, for purposes of removal, Defendant is a citizen of Utah.

8. Despite the lack of merit to Plaintiff's claims, Plaintiff alleges he "has suffered substantial economic losses and severe mental anguish and will continue to suffer such losses in the future" and asserts that he "seeks monetary relief [sic] of only monetary relief of $250,000 or less, *excluding* interest, statutory or punitive damages and penalties, and attorney fees and costs. However, Mr. Ramirez will not, accept any amount over $74,999.00 including interests [sic] and costs. By the phrase "interests [sic] and costs" as those terms are used herein, those terms have the same meaning as containing [sic] in 28 U.S. C. 1332." Exhibit 2A, p. 2, ¶ III. The statement that he will not accept damages exceeding $74,999 should be disregarded. Plaintiff has unambiguously implied that the amount in controversy exceeds $75,000, which is a mere $2.00 more than the

amount he claims he will accept. He has clearly alleged the amount in controversy is more than $250,000, because he seeks punitive damages on top of that amount. Exhibit 2A, p. 3, ¶ IV. He alleges he is entitled to receive damages for suffering "*substantial* economic losses and *severe* mental anguish" and claims he "*will continue* to suffer such losses in the future." Exhibit 2A, p. 3, ¶ IV. Plaintiff prays for back pay, interest on back pay, compensatory damages, past and future (which may include emotion pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses), interest on front pay, pre-judgment interest, post-judgment interest, court costs, expert fees, and attorneys' fees. Exhibit 2A, pp. 3-4, ¶ VI. Plaintiff's Original Petition was not filed in good faith, and the statement that he will not accept damages exceeding $74,999 should be disregarded. It is not a statement of the amount in controversy. Moreover, Plaintiff's Original Petition was neither verified by Plaintiff nor supported by his affidavit. Therefore, Plaintiff did not unequivocally limit his recovery to $75,000 or less. He does not deny his claim is worth more. In fact, his statement shows he believes his claims to be worth more than the amount he claims he will accept and even more than $250,000, because he seeks punitive damages on top of that amount. See, *Snow v. Mike Bloomberg 2020, Inc.,* 543 F.Supp.3d 419, 423 (2020) (recognizing that if the Court remanded and Plaintiff filed an amended petition—as permitted in Texas state court—the declaration would not apply).[1] Plaintiff has admitted the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

---

[1] Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party. TRCP 63 (Amendments and Responsive Pleadings).

Texas practice permits recovery of damages more than the amount demanded and removal is proper. 28 U.S.C. § 1446 (C)(2)(A)(ii).[2]

9. As the sum in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a); therefore, this case may be removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (recognizing that a Defendant may rely on a Plaintiff's allegations regarding the amount in controversy); *Wilson v. Hibu Inc.*, 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013) ("Removal is thus proper if it is 'facially apparent' from the complaint that the claim or claims asserted exceed the jurisdictional amount.").

10. Moreover, removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." (citing 28 U.S.C. § 1332(c)(1).

11. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and this division embrace the state court where this action was originally filed and has since been pending. However, by acknowledging that this district and division embrace the state court where Plaintiff initially filed this case, Defendants are not waiving any challenges to jurisdiction, venue, and the convenience of the forum where Plaintiff filed suit. Defendant is expressly reserving all rights to assert those arguments as provided by the applicable Federal and Texas Rules of Civil Procedure. Defendant has

---

[2] *Id.*

**NOTICE OF REMOVAL**                                                                                          **PAGE 5**

already filed its answer subject to its motion to transfer venue from Bee County where the suit was filed to San Patricio County, the county of proper venue, where Plaintiff worked for Defendant, where Plaintiff alleged he was injured while working, and where Plaintiff was terminated for failure to appear for work or notify his superiors. Exhibit 2B, p. 2, ¶ 3. This district and division also include the San Patricio County, the county to which the lawsuit should justly be transferred, if it were to remain in state court.

12. Based on the foregoing, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Subject to the defenses noted above, venue is proper in this district under 28 U.S.C. § 1441(a).

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **Associated Brigham Contractors Incorporated,** prays that further proceedings in the 156th Judicial District Court in Bee County, Texas be discontinued and that this suit be removed to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 800 South
Corpus Christi, Texas  78401
Telephone:  (361) 880-5808/5824 (direct)
Telefax:  (361) 880-5844
Mobile:  (361) 765-1861

By: _____
**Tonya Beane Webber**
State Bar No. 21042300
Email: twebber@prdg.com

Attorneys for Defendant,

**ASSOCIATED BRIGHAM
CONTRACTORS INCORPORATED**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing instrument has been sent via **ELECTRONIC SERVICE** to all counsel of record as listed below on the December 3, 2022.

**VIA ELECTRONIC SERVICE**
Rafael DeLaGarza – rdlglaw@gmail.com
**De La Garza Law Firm**
4919 S. Jackson Rd.
Edinburg, Texas 78539

*Tonya B. Webber*

_____
**Tonya Beane Webber**