CAUSE NO. BCV2201345

| | | |
|---|---|---|
| JOSE MANUEL RAMIREZ, *Plaintiff*, | § § § | IN THE DISTRICT COURT |
| v. | § § | 156TH JUDICIAL DISTRICT |
| ASSOCIATED BRIGHAM CONTRACTORS INCORPORATED, *Defendant*. | § § § § | BEE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JOSE MANUEL RAMIREZ (hereinafter referred to as "Plaintiff"), complaining of and about ASSOCIATED BRIGHAM CONTRACTORS INCORPORATED (hereinafter referred to as "Defendant"), and would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff alleges that this matter should be conducted under a Level 3 discovery control plan.

### II.
### PARTIES AND SERVICE

Plaintiff is a resident of Hidalgo County, Texas and has resided there at all times material to this lawsuit.

Defendant, ASSOCIATED BRIGHAM CONTRACTORS INCORPORATED is a foreign corporation authorized to engage in the insurance business in the State of Texas and may be served with process through Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.
## JURISDICTION AND VENUE

This Court has jurisdiction, both specific and general, over Defendant and Defendant is amenable to service by a Texas court. Venue is proper in Bee County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Bee County. Tex.Civ.Prac. & Rem. Code Section 15.002(a)(1).

Plaintiff has suffered damages in an amount within the jurisdiction limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. However, Mr. Ramirez will not accept any amount over $74,999.00 including interests and costs. By the phrase "interests and costs" as those terms are used herein, those terms have the same meaning as containing in 28 U.S.C. 1332.

## IV.
## STATEMENT OF FACTS

Plaintiff began working for Defendant on or about January 2021 as a carpenter. Throughout Plaintiff's employment with Defendant, Plaintiff consistently did a good job. Plaintiff received positive feedback for his work. Plaintiff never received negative evaluations. Plaintiff was never written up for any serious violations while employed by Defendant.

On or about January 8, 2021, Plaintiff was carrying out his duties. As Plaintiff was walking to take rods to his co-worker, he slipped and fell as a result of having stepped on a muddy surface, injuring his lower back and right knee. This incident was witnessed by his superior, "Pollo". Plaintiff made his superiors aware of the pain he was experiencing as a result of the fall and was told he would have to wait for any medical attention.

Shortly after the incident, Plaintiff returned to work with a letter from his treating doctor

advising Plaintiff had to be on light duty. On or about February 8, 2021, Plaintiff was told by "Pollo" that he was going to be terminated stating "no sirves para nada, chueco menos" which the closest translation to the English language is "you are useless, [even more so] if you're crippled". As a result of his discharge and the Defendant's continuing refusal to reinstate him, Plaintiff has suffered substantial economic losses and severe mental anguish and he will continue to suffer such losses in the future.

## V.
## CAUSE OF ACTION

*Workers' Compensation Retaliation*

Plaintiff incorporates by reference the allegations contained above as if those allegations were set forth verbatim.

Plaintiff alleges that Defendant violated Section 451.001 of the Texas Labor Code by discharging Plaintiff because of the filing of a workers' compensation claim in good faith and by not reinstating her.

Plaintiff seeks the maximum damages allowed by Section 451.002 of the Texas Labor Code and at common law.

Plaintiff's injuries resulted from Defendant's fraud and / or malice as set forth in Tex. Civ. Prac. & Rem. Code Section 41.001 et seq. Accordingly, Plaintiff is entitled to an award of exemplary damages in accordance with Texas law.

## VI.
## DAMAGES

Based on the foregoing, Plaintiff requests that Defendant appear and answer, and that on final trial of this lawsuit, Plaintiff have final judgment against Defendant for the following relief:

a) Back pay;

b) Interest on back pay;

c) Compensatory damages, past and future (which may include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses);

d) Interest on Front Pay;

e) Pre-judgment interest;

f) Post-judgment interest;

g) Costs of court/suit;

h) Reasonable expert fees; and

i) Attorney's fees.

## VII.
## TEX. R. CIV. P. 193.7 NOTICE

Pursuant to Tex. R. Civ. P. 193.7, Plaintiff hereby gives notice of intent to utilize items produced in discovery against the producing party.

## IX.
## JURY DEMAND

Concurrent with the filing of his Original Petition, Plaintiff has applied for trial by jury and has tendered the jury fee required by TEX. R. CIV. P. 216.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

DE LA GARZA LAW FIRM

*/s/ Rafael de la Garza*
RAFAEL DE LA GARZA
State Bar No. 24076343
4919 S. Jackson Rd.
Edinburg, Texas 78539
Tel: 956.533.1426
Fax: 956.284518
E-mail: rdlglaw@gmail.com

COUNSEL FOR PLAINTIFF